## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 21-41212 |
| NEWSTREAM HOTEL PARTNERS – ABQ, LP[1] | § § | |
| | § | Chapter 11 |
| Debtor. | § § | |

### DECLARATION OF TIMOTHY NYSTROM IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION AND REQUESTS FOR FIRST DAY RELIEF

I, Timothy Nystrom, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am the Manager of Newstream Hotels & Hospitality LLC ("**Newstream GP**"), which is the General Partner of Newstream Hotel Partners – ABQ, LP ("**Newstream-ABQ**" and collectively with Newstream GP, the "**Debtors**").

2. I am familiar with the day-to-day operations, business, and financial affairs of the Debtor.

3. I submit this declaration (the "**Declaration**") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of the Chapter 11 bankruptcy cases of Newstream GP and Newstream ABQ (the "**Chapter 11 Cases**") and in support of the (i) Debtors' voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") filed on the date hereof (the "**Petition Date**") and (ii) the relief, in the form of motions and applications, that the Debtors have requested of the Court (the "**First Day Pleadings**").

---

[1] The Debtors in these chapter 11 cases are Newstream Hotel Partners – ABQ, L.P. (the last four digits of its federal tax identification number are 6465) and Newstream Hotels & Hospitality, LLC (the last four digits of its federal tax identification number are 1605). The location of the Debtors' corporate headquarters and service address is 311 South Oak Street, Suite 250, Roanoke, TX 76262.

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other employees and representatives of the Debtors, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If I were called to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

5. This Declaration is intended to provide a summary overview of the Debtors' business and this Chapter 11 Case. Sections I through III **provide a description of the Debtor's** business, history, and organizational structure, prepetition indebtedness, and the circumstances giving rise to the commencement of this Chapter 11 Case. Part IV summarizes the First Day Pleadings and the relief they seek, which the Debtor believes are crucial to its successful reorganization.

## I.     THE DEBTORS

### A.     Newstream ABQ

6. Newstream ABQ owns a full-service hotel, the SureStay Plus Hotel by Best Western Albuquerque I40 Eubanks, located at 10330 Hotel Avenue NE Albuquerque, New Mexico 87123 (the "**Property**"), conveniently located near I40, and within walking distance of numerous restaurants & shopping. The recently-renovated hotel is located within minutes of Kirtland Air Force Base, the New Mexico Expo, Albuquerque Uptown, Albuquerque City Center Downtown, various federal buildings, the University of New Mexico, Sandia National Laboratories, Presbyterian Kaseman Hospital, UNM Hospital, Central NM Community College, Lovelace Health System, Honeywell, General Mills, Sandia Peak Tramway, Route 66, Rio Grande Zoo, Tingley Beach, Albuquerque Biological Park, and Coronado Mall.

7. Newstream ABQ is a Texas limited partnership formed in 2017. The Debtor is owned 99.9% by approximately twenty-one (21) limited partners, and .01% by Newstream GP, as the general partner.

### C. Newstream GP

8. Newstream GP is a Texas limited liability company. Newstream GP is owned by Timothy Nystrom, Scott Tarwater and Rob Lawson as members. Newstream GP's only assets are the .01% general partnership interest it owns in Newstream ABQ, an approximately 38.5% member interest in Newstream Hotel Equity Partners—LIT, LLC (the 100% owner of Newstream Hotel Partners—LIT, LLC, a debtor in bankruptcy in this Court), and a 38% member interest it owns in Newstream Hotel Partners—IAH, LLC (a former debtor whose case was pending in this Court).

## II.    CERTAIN PREPETITION SECURED INDEBTEDNESS[2]

9. Prior to the Petition Date, the Newstream ABQ borrowed approximately $4,750,000 from Access Point Financial, Inc. ("**Access Point**") pursuant to two (2) promissory notes by and between the Debtor and Access Point.

10. On or about January 31, 2018, Newstream ABQ executed a promissory note (the "**Equipment Note**") in the amount of $1,000,000. In connection with the Equipment Note, Newstream ABQ executed that certain Equipment Loan and Security Agreement (the "**Equipment Loan Agreement**"), which purports *inter alia* to grant a lien on certain of Newstream ABQ's furniture fixtures and equipment.

---

[2] The recitals contained herein are solely for informational purposes and are not meant to be admissions as to the validity, perfection, or priority of any of the lenders' loans or liens. Each of the recitals contained herein are expressly qualified by the terms and provisions of each of the documents, and the subsequent acts taken (or not taken) by the applicable prepetition lender.

11. On or about January 31, 2018, Newstream ABQ executed a separate promissory note (the "**Real Estate Note**") in the amount of $3,750,000. In connection with the Real Estate Note, Newstream ABQ executed a Deed of Trust, Security Agreement and Fixture Filing (the "**Deed of Trust**").

12. As of the Petition Date, the Prepetition Secured Lender asserts that it owed in excess of $5.2 Million.

### III. KEY EVENTS LEADING TO DEBTOR'S CHAPTER 11 FILING

13. The COVID-19 pandemic has negatively impacted many industries and business, with the hospitality industry being particularly hard-hit. Specifically, the pandemic caused a sharp decline in tourism, the elimination of essentially all business travel, and the cancelation of all conventions. The various state and local lockdowns, travel restrictions, social distancing measures, and the public's general reluctance to travel during this time period resulted in a dramatic downturn in Newstream ABQ's business. Moreover, very few states were hit harder by COVID-19 and its debilitating effect on tourism more than New Mexico.

14. On or about June 17, 2021, just as the state of New Mexico was reopening, the Prepetition Secured Lender (as that term is defined herein) filed its Complaint for Breach of Contract and Foreclosure in Bernalillo County, New Mexico (the "**New Mexico Case**"). In addition to its complaint, the Prepetition Secured Lender also filed its Verified Motion for Appointment of a Receiver (the "**Receiver Motion**").

15. Debtor is hopeful for and anticipates a return to pre-pandemic occupancy levels in the coming months, in light of increased vaccine availability and the public's desire to travel again, and seeks to reorganize its debt and operations in Chapter 11 to ensure sustained viability of the business.

PL 3006774.1

## IV. SUMMARY OF FIRST DAY PLEADINGS

16. Concurrently with the filing of the voluntary petition, Newstream ABQ has filed, for the Court's approval, a number of First Day Pleadings, which Newstream ABQ believes are necessary to enable it to operate in Chapter 11 with a minimum of disruption and loss of productivity. Newstream ABQ respectfully requests that the each of the First Day Pleadings be granted, as they are a critical element to facilitating Newstream ABQ's smooth and orderly operations with minimal disruption during the pendency of its Chapter 11 case. A description of the relief requested and the facts supporting each of the First Day Pleadings is set forth below.

### A. Cash Collateral

17. The Debtor's *Emergency Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Lender, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b), and (IV) Granting Related Relief* (the "**Cash Collateral Motion**") seeks immediate access to cash to ensure that Newstream ABQ is able to continue operating during this case and to preserve the value of its estate for the benefit of all parties in interest, including the Prepetition Secured Lender. In addition to certain cash in certain deposit accounts being subject to the Prepetition Secured Lender's liens, section 363 of the Bankruptcy Code also provides that cash generated from operations of the hotel are likely cash collateral (the "**Restricted Cash**"). Newstream ABQ has determined that the Restricted Cash will be sufficient to operate its business and continue to pay its debts as they come due.

18. Without immediate authority to use its cash according to these terms, Newstream ABQ will be unable to satisfy trade payables incurred in the ordinary course of business, preserve and maximize the value of its estate, or administer this Chapter 11 case, which would cause immediate and irreparable harm to the value of Newstream ABQ's estate to the detriment of all

stakeholders. Conversely, immediate access to Cash Collateral will allow Newstream ABQ to operate as it did prepetition and will maintain (and where necessary restore) the confidence of its vendors, customers, employees, and other stakeholders at this critical stage of its restructuring. Therefore, the use of Cash Collateral pursuant to the terms of the Interim Order is essential and necessary to Newstream ABQ's ability to minimize disruptions and avoid irreparable harm to its business.

19. Access Point and/or APF-CPX II, LLC as its alleged successor in interest (collectively, the "**Prepetition Secured Lender**") has a mailing address of 1 Ravina Pkwy, N.E., # 900, Atlanta, GA 30346, and is the only creditor with a potential interest in the cash collateral described in the Cash Collateral Motion. The Prepetition Secured Lender is represented by attorneys at Thompson Hine LLP.

20. My understanding is that my counsel has exchanged communications with counsel for the Prepetition Secured Lender regarding the Cash Collateral Motion in efforts to reach an agreement prior to the Petition Date.

21. I have reviewed the thirteen-week budget attached to the Cash Collateral Motion, and the budget projections included therein are based upon actual past expenses incurred or anticipated by Newstream ABQ, which are necessary for continued operation of the hotel.

22. Newstream ABQ has proposed adequate protection for Newstream ABQ's use of the Cash Collateral in the Cash Collateral Motion, including replacement liens and first priority security interests in Newstream ABQ's presently owned or hereafter acquired property and assets, whether such property and assets were acquired before or after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located (including, without limitation, first priority liens on any cash held in Newstream ABQ's bank accounts), and the

proceeds and products thereof (the "**Adequate Protection Liens**") junior only to the Carve-Out, but excluding any causes of action that could be brought under §§ 544–548 of the Bankruptcy Code or any applicable state fraudulent-transfer statute or similar statute, granted only to the extent the prepetition liens of the Prepetition Secured Lender are valid, enforceable, non-avoidable liens and security interests that were perfected prior to the Petition Date (or perfected after the Petition Date to the extent permitted by section 546(b) of the Bankruptcy Code), which are not subject to avoidance, reduction, disallowance, impairment, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

**B.     Employee Wage Motion**

23.     The Debtor's *Emergency Motion for an Order Authorizing the Debtor to Pay Prepetition Wages, Compensation, and Employee Benefits* (the "**Wage Motion**") seeks entry of an order (i) authorizing, but not requiring, the Debtor to (a) pay, in its sole discretion, wage, salary and commission obligations, payroll taxes, and costs incident to the foregoing and (b) maintain and continue to honor its practices, programs, and policies for its employees as they were prior on the Petition Date, and as they may be modified, amended, or supplemented from time to time in the ordinary course of business, and (ii) authorizing the Debtor's bank and financial institutions to receive, honor, process, and pay any and all checks or electronic funds transfers drawn on the Debtor's accounts in satisfaction of any such obligations.

24.     Newstream ABQ employs nineteen (19) employees. Sixteen (16) of the employees work full time and three (3) work part time (collectively, the "**Employees**"). The Employees are paid biweekly on Fridays, in arrears for the pay period ending the prior Sunday.

25.     As of the Petition Date, Newstream ABQ has obligations relating to Pre-Petition Wages for: (a) deductions taken from Employees' paychecks in order to make payments on behalf

of the Employees, including for child support obligations ("**Deductions**"); and (b) withholdings from Employees' paychecks on account of various federal, state and local income, FICA, Medicare and other taxes for remittance to the appropriate federal, state or local taxing authorities ("**Withholdings**"). Newstream ABQ withholds the necessary and proper amounts for various federal, state and local income, FICA, Medicare and other taxes and remits payment when due under applicable law. Amounts for Deductions and Withholdings are included in Newstream ABQ's request for payment.

26. Payroll for the Employees will be due and owing on September 3, 2021 for the "stub" pre-petition pay period beginning August 16, 2021, through August 29, 2021 in the estimated pre-petition gross amount of $18,990.09 (the "**Stub Payroll**" or "**Pre-Petition Wages**"), in addition to amounts incurred post-petition. The pre-petition wages of each individual Employee are equal to or less than the priority wage allowance of $13,650 as allowed by Section 507(a)(4) of the Bankruptcy Code. Attached to the Wage Motion is a copy of Newstream ABQ's estimated pre-petition gross wage obligations on the Petition Date.

### C. Cash Management

27. Pursuant to the *Emergency Motion (I) Authorizing the Debtor to Continue to Operate its Cash Management System, and (II) Authorizing the Debtor to Maintain Existing Business Forms* ("**Cash Management Motion**"), Newstream ABQ seeks to continue to operate its Cash Management System and obtain certain limited relief from the United States Trustee's operating guidelines for debtors in possession.

28. In the ordinary course of business, Newstream ABQ conducts transactions by debit, wire, automatic clearing house ("**ACH**") and other similar methods. Like many hotels, Newstream ABQ receives significantly all of its revenue from credit card sales. More specifically, such sales

are transferred from Newstream ABQ's credit card processors and third party servicers (such as Expedia). Those transfers are done via ACH or wire transfer into the Depository Account. Newstream ABQ then transfers amounts from the Depository Account to the Operating Account to pay certain vendors.

29. In the ordinary course, Newstream ABQ is subject to certain service charges and other fees, costs, and expenses with respect to the Bank Accounts (collectively, the "**Bank Fees**").

30. Because of the disruption that would result if Newstream ABQ was forced to close its existing bank accounts, I believe that it is critical that the existing Cash Management System remain in place.

**D.  Customer Programs Motion**

31. Pursuant to Debtor's *Emergency Motion tor Entry of an Order Authorizing the Debtor (I) to Maintain and Administer Existing Customer Programs and Honor Certain Related Prepetition Obligations and (II) to Honor and Use Prepetition Customer Deposits* (the "**Customer Programs Motion**"), Newstream ABQ seeks to continue its participation in the Best Western Rewards Program (the "**Customer Programs**"), honor certain prepetition obligations related thereto, and honor and use existing pre-petition customer deposits.

32. Benefits of the Best Western Rewards programs include complimentary rentals based on a point-based system, ability to earn airline miles, special member rates, early check-in and late check-out, exclusive reservation line, exclusive member offers and promotions, complimentary water and points upon arrival, and other amenities. The programs consist of five tiered membership levels, based on frequency of stay, which determine the number of benefit offerings and point-earning structures for members at each level. Points can be earned through spending at member hotels and outlets, through the Best Western Rewards Mastercard, or through

transactions with various Best Western partner businesses. Points earned through the customer rewards program can be redeemed not only for free nights at Best Western family properties, but also for shopping, flights, and more.

33. Best Western also offers prepaid travel gift cards, available at participating properties or online at bestwestern.com, which may be redeemed for hotel lodging charges at participating Best Western properties worldwide. Newstream ABQ does not administer its gift card program; rather, the gift card program is administered by Best Western through a partnership with Givex.

34. Maintaining and honoring Customer Programs and related obligations is imperative to Newstream ABQ's continuing operations. Newstream ABQ conducts business in a highly competitive market, where the quality of customer experience distinguishes Best Western family hotels from competing hotels. Newstream ABQ relies heavily on the Customer Programs and the Best Western name to ensure a steady stream of new and existing customers and to provide a customer experience that meets or exceeds customer expectations. As a result, the Customer Programs increase revenue and earnings, in both the short and long term.

### E. Joint Administration Motions.

35. The Debtors each filed motions for joint administration in each of its respective cases. As described above, Newstream GP is the general partner of Newstream ABQ and thus, pursuant to Bankruptcy rule 1015(b), and as more specifically explained in the joint administration motions, procedural joint administration is proper and will result in increased judicial efficiency

Executed on August 30, 2021.

_____
Timothy Nystrom

10

PL 3006774.1